**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LAURIE T. PAUER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. 15-cv-05081-BLF<br><br>**ORDER GRANTING MOTION OF PLAINTIFFS' COUNSEL FOR ATTORNEYS' FEES UNDER 42 U.S.C. § 406(b); AND VACATING HEARING**<br><br>[Re: ECF 24] |

In this Social Security appeal, the Court approved the parties' stipulation to reverse and remand the adverse benefits decision pursuant to 42 U.S.C. § 405(g), sentence four, so that the Commissioner could conduct further administrative proceedings. Order Approving Stipulation to Reversal and Remand, ECF 18. The Court entered judgment for Plaintiff based on the stipulated remand. Judgment, ECF 19. On remand, Plaintiff was awarded past-due benefits in the amount of $62,428.[1] *See* Notice of Award, ECF 24-2. Plaintiff's counsel ("Counsel"), who represented her in both the administrative and judicial proceedings, has filed an application for an award of attorneys' fees in an amount totaling 25% of the past-due benefits. *See* Applic., ECF 24. The application is made pursuant to 42 U.S.C. § 406(b) and the parties' contingent-fee agreement.

---

[1] The Social Security Administration withheld $60,156 of Plaintiff's past-due benefits to ensure there were sufficient funds available to pay any attorneys' fees award, and it issued a check in the amount of $2,272 for the remainder of the past-due benefits, for a total of $62,428 ($60,156 + $2,272). *See* Notice of Award, ECF 24-2. Counsel's application for attorneys' fees transposes the last two digits, stating that Plaintiff was awarded past-due benefits in the amount of $62,482. *See* Applic. at 2, ECF 24. The Government omits the $2,272 check from the calculation, stating that Plaintiff was awarded past-due benefits in the amount of $60,156. *See* Response at 2, ECF 26. Those clerical errors do not affect the Court's substantive analysis.

Having reviewed Counsel's motion, the Government's response, and Counsel's reply, the Court concludes that the motion is appropriate for disposition without oral argument and VACATES the hearing set for October 11, 2018. *See* Civ. L.R. 7-1(b). The Court finds that the fees sought are reasonable, and therefore GRANTS the motion in the amount of $15,607, which is 25% of the past-due benefits award of $62,428.[2]

### I. LEGAL STANDARD

Section 406(b) of the Social Security Act governs Counsel's request for fees. Under that provision, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A). "A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand." *Butler v. Colvin*, No. 3:14-CV-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). "[T]he fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009).

Attorneys specializing in social security work "routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful." *Id.* The Supreme Court has held that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). However, the district court must review contingent-fee agreements "as an independent check, to assure that they yield reasonable results in particular cases." *Id.* "[T]he district court must first look to the fee agreement and then adjust

---

[2] Counsel requests fees in the amount of $15,620.50 based on his calculation of 25% of $62,482 rather than 25% of $62,428.

2

1 downward if the attorney provided substandard representation or delayed the case, or if the
2 requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151.

3       Where attorneys' fees have been awarded pursuant to the Equal Access to Justice Act
4 ("EAJA"), the EAJA fees must be offset against any fees awarded under § 406(b). *Gisbrecht*, 535
5 U.S. at 796 (citing 28 U.S.C. § 2412). "Under EAJA, a party prevailing against the United States
6 in court, including a successful Social Security benefits claimant, may be awarded fees payable by
7 the United States if the Government's position in the litigation was not 'substantially justified.'"
8 *Id.* (quoting 28 U.S.C. § 2412). "Congress harmonized fees payable by the Government under
9 EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in
10 this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must
11 refund to the claimant the amount of the smaller fee." *Id.* (internal quotation marks, citation, and
12 alterations omitted). "Thus, an EAJA award offsets an award under Section 406(b), so that the
13 amount of the total past-due benefits the claimant actually receives will be increased by the EAJA
14 award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* (internal
15 quotation marks, citation, and alterations omitted).

## II. DISCUSSION

17       Pursuant to the standards set forth above, the Court begins its analysis by looking to the
18 contingent fee agreement between Counsel and Plaintiff. Agreement, ECF 24-3. The agreement
19 provides that, subject to approval of the district or circuit court, Plaintiff will pay Counsel "a fee
20 no greater than 25% of the past-due benefits" recovered. *Id.* at 1. Accordingly, the agreement is
21 within the 25% cap set forth in § 406(b). Nothing in the record suggests that Counsel's
22 performance was substandard or that Counsel delayed proceedings in an effort to increase the
23 amount of fees awarded. Counsel obtained an excellent result for Plaintiff, comprising a
24 substantial award of past-due benefits and ongoing benefits. *See* Notice of Award, ECF 24-2. The
25 fee award in question, $15,607, is consistent with other fee awards in similar cases in this district.
26 *See, e.g., Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept.
27 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in past-due benefits);
28 *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL 2462194, at *2 (N.D. Cal. June 7, 2017)

(awarding $15,278.00 in fees following an award of $76,391.00 in past-due benefits).

The Government's response to the motion states that the Commissioner takes no position on Counsel's request for fees, and that the Commissioner submits a response pursuant to her role "resembling that of a trustee" for Plaintiff. Gov't's Response at 2, ECF 26. The Government notes that based on Counsel's representation that he spent 25.5 hours on the case, a fee award in the amount requested would result in an effective hourly rate of approximately $612. The Government cites *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036-37 (N.D. Cal. 2003) for the proposition that appropriate effective hourly rates for social security cases range from $187.55 to $694.44. In reply, Counsel notes that *Hearn* is fifteen years old and cites many more recent cases awarding attorneys' fees under § 406(b) with effective hourly rates ranging between $1,000 and $1,500.

Having considered the record in this case and the applicable law, the Court is satisfied that Counsel's request for attorneys' fees under § 406(b) is reasonable. Counsel will be required to reimburse Plaintiff in the amount of $5,600, the amount of attorneys' fees previously awarded to Plaintiff in this case under EAJA.

## III. ORDER

(1) Counsel's motion for attorneys' fees under § 406(b) is GRANTED in the amount of $15,607; and

(2) Counsel shall reimburse Plaintiff in the amount of $5,600, which previously was paid by the Government under EAJA.

Dated: July 16, 2018

BETH LABSON FREEMAN
United States District Judge